IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JON RICHARD GOLDSMITH, | ) | No. 4:19-cv-00152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ANSWER TO VERIFIED COMPLAINT |
| | ) | |
| ADAMS COUNTY, IOWA, Adams County Deputy Sheriff CORY DORSEY and Adams County Sergeant PAUL HOGAN, in their individual and official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Defendants Adams County, Iowa, Adams County Deputy Sheriff Cory Dorsey and Adams County Sergeant Paul Hogan, in their individual and officials capacities for answer to Plaintiff's Verified Complaint state:

Defendants admit the first three sentences of Plaintiff's "Preliminary Statement", but deny all other allegations contained therein.

JURISDICTION AND VENUE

1. Defendants deny the allegations of paragraph 1 for lack of information and knowledge.

2. Defendants deny the allegations of paragraph 2 for lack of information and knowledge.

3. Defendants deny the allegations of paragraph 3 for lack of information and knowledge.

4. Defendants deny the allegations of paragraph 4 for lack of information and knowledge.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

## FACTUAL ALLEGATIONS

8. Defendants deny the allegations of paragraph 8 for lack of information and knowledge.

9. Defendants deny the allegations of paragraph 9 for lack of information and knowledge.

10. Defendants deny the allegations of paragraph 10 for lack of information and knowledge.

11. Defendants deny the allegations of paragraph 11 for lack of information and knowledge.

12. Defendants deny the allegations of paragraph 12 for lack of information and knowledge.

13. Defendants deny the allegations of paragraph 13 for lack of information and knowledge.

14. Defendants deny the allegations of paragraph 14 for lack of information and knowledge.

15. Defendants deny the allegations of paragraph 15 for lack of information and knowledge.

16. Defendants deny the allegations of paragraph 16 for lack of information and knowledge.

17. Defendants admit the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18 for lack of information and knowledge.

19. Defendants deny the allegations of paragraph 19 for lack of information and knowledge.

20. Defendants deny the allegations of paragraph 20 for lack of information and knowledge.

21. Defendants deny the allegations of paragraph 21 for lack of information and knowledge.

22. Defendants deny the allegations of paragraph 22 for lack of information and knowledge.

23. Defendants deny the allegations of paragraph 23 in their entirety.

24. Defendants deny the allegations of paragraph 24 for lack of information and knowledge.

25. Defendants deny the allegations of paragraph 25 for lack of information and knowledge.

26. Defendants deny the allegations of paragraph 26 for lack of information and knowledge.

27. Defendants deny the allegations of paragraph 27 in their entirety.

28. Defendants admit the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29 in their entirety.

30. Defendants deny the allegations of paragraph 30 for lack of information and knowledge.

31. Defendants deny the allegations of paragraph 31 for lack of information and knowledge.

32. Defendants deny the allegations of paragraph 32 for lack of information and knowledge.

33. Defendants deny the allegations of paragraph 33 for lack of information and knowledge.

34. Defendants admit the allegations of paragraph 34.

35. Defendants admit that a criminal complaint against Goldsmith in State District Court for Adams County was filed charging Goldsmith with harassment in the 3rd Degree in violation of Iowa Code Section 708.7(1)(a)(1).

36. Defendants admit the allegations of paragraph 36.

37. Defendants admit the allegations of paragraph 37.

38. Defendants admit the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39 for lack of information and knowledge.

40. Defendants deny the allegations of paragraph 40 for lack of information and knowledge.

41. Defendants deny the allegations of paragraph 41 for lack of information and knowledge.

42. Defendants deny the allegations of paragraph 42 for lack of information and knowledge.

43. Defendants deny the allegations of paragraph 43 for lack of information and knowledge.

44. Defendants deny the allegations of paragraph 44 for lack of information and knowledge.

45. Defendants deny the allegations of paragraph 45 for lack of information and knowledge.

46. Defendants deny the allegations of paragraph 46 for lack of information and knowledge.

47. Defendants admit the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48 for lack of information and knowledge.

49. Defendants admit the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50 for lack of information and knowledge.

51. Defendants deny the allegations of paragraph 51 in their entirety.

52. Defendants deny the allegations of paragraph 52 in their entirety.

53. Defendants deny the allegations of paragraph 53 in their entirety.

## COUNT I
## 42 U.S.C. §1983 – CONSTITUTIONAL TORT –
## FIRST AMENDMENT RETALIATION - DEFENDANTS DORSEY & HOGAN

54. For answer to paragraph 54, Defendants incorporate and adopt their answers to paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants admit the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56 in their entirety.

## COUNT II
## IOWA CODE §670 – STATE CONSTITUTIONAL TORT – FIRST AMENDMENT RETALIATION AND DENIAL OF RIGHTS UNDER ARTICLE I, SECTION 7 OF THE IOWA CONSTITUTION – DEFENDANTS DORSEY & HOGAN

57. For answer to paragraph 57, Defendants incorporate and adopt their answers to paragraphs 1 through 56 above as if fully set forth herein.

58. Defendants admit the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59 in their entirety.

## COUNT III
### 42 U.S.C. §1983 – CONSTITUTIONAL TORT – FALSE ARREST & STATE TORT – FALSE ARREST – DEFENDANTS DORSEY & HOGAN

60. For answer to paragraph 60, Defendants incorporate and adopt their answers to paragraphs 1 through 59 above as if fully set forth herein.

61. Defendants deny the allegations of paragraph 61 in their entirety.

## COUNT IV
### IOWA CODE §670 – STATE CONSTITUTIONAL TORT – FALSE ARREST – DEFENDANTS DORSEY & HOGAN

62. For answer to paragraph 62, Defendants incorporate and adopt their answers to paragraphs 1 through 61 above as if fully set forth herein.

63. Defendants deny the allegations of paragraph 63 in their entirety.

## COUNT V
### MONELL CLAIM – FAILURE TO TRAIN – DEFENDANT ADAMS COUNTY

64. For answer to paragraph 64, Defendants incorporate and adopt their answers to paragraph 1 through 63 above as if fully set forth herein.

65. Defendants deny the allegations of paragraph 65 in their entirety.

66. Defendants deny the allegations of paragraph 66 in their entirety.

WHEREFORE Defendants Adams County, Iowa, Adams County Deputy Sheriff Cory Dorsey and Adams County Sergeant Paul Hogan, in their individual and officials capacities pray that Plaintiff's Verified Complaint be dismissed at Plaintiff's costs.

### AFFIRMATIVE DEFENSES

67. For further answer and by way of an affirmative defense, the Defendants allege that any and all actions or acts committed by them or on their behalf were

discretionary in nature and taken in good faith, and that Defendants are protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

68. For further answer and by way of an affirmative defense, the Defendants allege they acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

69. For further answer and by way of an affirmative defense, the Defendants state their actions and conduct were undertaken in good faith and were objectively reasonable under the circumstances and accordingly, and they are entitled to the defense of qualified immunity.

70. For further answer and by way of an affirmative defense, the Defendants state Plaintiff's civil rights claims against the governmental entity under any *respondeat superior* theory are barred, as are any claims for oversight or negligence in training or supervision of its officers or for its negligence in a single incident.

71. For further answer and by way of an affirmative defense, the Defendants state Plaintiff is not entitled to punitive damages and/or answering Defendants are immune from any judgment for punitive damages under the provisions of Iowa Code §§670.4 and 670.12 (2005).

Kristopher K. Madsen   #AT0004969
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
Council Bluffs, Iowa  51503
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: kmadsen@stuarttinley.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of June, 20 19, the above and foregoing document was electronically filed with the Clerk of the Court using the ECF system, service being made by ECF upon the following:

Glen S. Downey
Law Offices of Glen S. Downey
5214 Ingersoll Avenue
Des Moines, IA 50312
glen@downey-law.net
ATTORNEY FOR PLAINTIFF

Rita Bettis Austen
ACLU of Iowa Foundation, Inc.
505 Fifth Avenue, Suite 808
Des Moines, IA 50309-2317
Rita.Bettis@aclu-ia.org
ATTORNEY FOR PLAINTIFF

_/s/ Kathy Mark_