**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JOHN RICHARD GOLDSMITH, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION No.: 4:19-cv-152 |
| | : STIPULATED INJUNCTION |
| ADAMS COUNTY, IOWA, Adams County Deputy Sheriff CORY DORSEY and Adams County Sergeant PAUL HOGAN | : |
| Defendants. | : |

**STIULATED INJUNCTION**

COMES NOW the Court pursuant to FRCP 65(d) and enters the following stipulated injunction:

**I.** **Findings of Fact**

While the Defendants do not admit to every allegation in the Plaintiff's complaint, the Parties jointly stipulate to the following facts.

1. On July 28, 2018, Plaintiff Jon Goldsmith shared a link to, and commented on, a booking photo post made by the Adam's County Sheriff's Office on its official Facebook page. In his comment, posted on his own Facebook page, Goldsmith criticized the actions of Adams County Deputy Cory Dorsey in conducting a traffic stop the previous evening.

2. Just days later on August 3, 2018, after becoming aware of Goldsmith's post, Defendant Paul Hogan, a Sergeant with the Adam's County Sheriff's Office, swore out an affidavit in a criminal complaint in Adam's County District Court charging Goldsmith with Harassment in the third degree in violation of Iowa Code Section 708.7(1)(a)(1).

3.      Hogan signed an affidavit under oath stating that Goldsmith "did intentionally write a threatening and vulgar statement about Cory Dorsey on Facebook."

4.      On August 24, 2018, Goldsmith visited with attorney Jonathan Mailander in Atlantic, Iowa and retained Mailander to represent him on the criminal charges in Adams County.

5.      After meeting with Mailander, Goldsmith deleted his Facebook profile.

6.      On September 21, 2018, Attorney Mailander filed a Motion to Dismiss the charges against Goldsmith as violative of the First Amendment.

7.      Among other things, Mailander's Motion cited to the case *State v. Fratzke*, 446 N.W.2d 781 (Iowa 1989), in which the Iowa Supreme Court held that state highway patrolman could not justify the same harassment charge Goldsmith was charged with based on the letter's statement that the officer was a "liar," a "thief disguised as a protector," that the arrest was "legalized highway robbery," that the officer "just enjoys stealing people's money so he can show everyone what a red-necked mother-f*cker he is," and expressing the letter-writer's hope that the officer would "have an early and particularly painful death hopefully at the side of the road somewhere he's robbing someone else." As the Court explained, "[o]ur Constitution does not permit government officials to put their critics, no matter how annoying, in jail." *Id.* at 782.

8.      On October 3, 2018, the Court dismissed the criminal charges against Goldsmith.

9.      In his Verified Complaint, Goldsmith alleged First Amendment retaliation, false arrest and a failure on the part of Adams County to adequately train its law enforcement officials about the First Amendment rights of its citizens.

## II.     Injunction

Pursuant to the Joint Motion to enter a Stipulated Injunction, the Court hereby enters the following injunction:

1. An injunction permanently enjoining Adams County and the Adams County Sheriff's Office and its employees from bringing criminal charges against or threatening to criminally charge Goldsmith or any other person on the basis of the lawful content or viewpoint of those comments, posts, or other speech protected by the First Amendment, and

2. An injunction permanently enjoining Adams County and the Adam's County Sheriff's Office from deleting comments protected by the First Amendment on their official Facebook pages, or blocking users who comment on comment on its Facebook page, based on the lawful content or viewpoint of those comments.

**IT IS SO ORDERED.**

Dated July 8, 2019.

_Helen C. Adams_
Helen C. Adams
Chief U.S. Magistrate Judge